UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **OREN DEAN DIPIERRO** : | **DOCKET NO. 2:15-cv-1628** |
|    B.O.P. #10234-023 | **SECTION P** |
| **VERSUS** : | **JUDGE MINALDI** |
| **B. CLAY** : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Oren Dean DiPierro ("DiPierro). DiPierro is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), currently incarcerated at the Federal Correctional Institution in Fort Worth, Texas. However, he complaints of events that occurred while he was incarcerated at the Federal Correctional Institution in Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, it is **RECOMMENDED** that the application be **DENIED AND DISMISSED WITHOUT PREJUDICE.**

I.
BACKGROUND

DiPierro is serving a 248 month sentence imposed in 1999 by the United States District Court in Idaho. Doc. 1, pp. 1–2. He now claims that former FCIO Warden Maiorana told him that a portion of his good time credit lost in 2011 would be restored if he completed a Reintegration Housing Unit Program. Doc. 7, p. 7. DiPierro states that he completed the program in January

2015, but that this promise was not honored after Maiorana transferred to another facility. *Id.* DiPierro asks this court to order the BOP to restore his good time credit. *Id.* at 8. He also argues that he should not be required to exhaust the BOP's administrative remedies procedure, as doing so would be futile and cause him to suffer irreparable harm. *Id.*

## II.
### LAW AND ANALYSIS

A federal prisoner may challenge the manner in which his sentence is being executed by filing an application for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 but only after exhausting administrative remedies though the BOP. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The BOP provides an administrative procedure for inmates who seek formal review of their complaints, beginning with formal complaint to a staff member at the facility and ending with appeal to the BOP General Counsel. *See* 28 C.F.R. §§ 542.13–542.15. When this review process is complete, the federal inmate's claim can be considered exhausted.

Courts may excuse the exhaustion requirement only when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62. Such exceptions to the exhaustion requirement "apply only in extraordinary circumstances, and [petitioner] bears the burden of demonstrating the futility of administrative review." *Id.* (citations and internal quotations omitted).

DiPierro admits that he did not exhaust administrative remedies but claims that the exhaustion requirement should be excused in his situation. Doc. 7, p. 8. He argues that the administrative process would be futile because if he was required to pursue administrative remedies during the contested period of incarceration he would be irreparably harmed. *Id.* This conclusory statement does not support a waiver of the exhaustion requirement. We also note that

the present situation is exactly the type of dispute that may best be resolved through the administrative review process. *See Parisi v. Davidson*, 92 S.Ct. 815, 818 (1972) ("The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence – to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies.") We therefore see no justification to excuse DiPierro's failure to exhaust his administrative remedies.[1]

## III.
### CONCLUSION

Therefore,

**IT IS RECOMMENDED** that the petition for *habeas corpus* be **DENIED** and **DISMISSED WITHOUT PREJUDICE** because petitioner failed to fully exhaust administrative remedies prior to filing suit.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days**

---

[1] Although the Supreme Court has held that the failure to exhaust administrative remedies must be pleaded as an affirmative defense under the Prison Litigation Reform Act (hereinafter "PLRA"), *see Jones v. Bock,* 127 S. Ct. 910 (2007), the PLRA does not apply to federal *habeas* proceedings. Nothing in *Jones* prohibits the *sua sponte* dismissal of a section 2241 petition on exhaustion grounds. Further, even in cases governed by *Jones* and the PLRA, "... a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." *Carbe v. Lappin,* 492 F.3d 325, 328 (5th Cir. 2007). DiPierro's complaint makes it abundantly clear that he did not complete the BOP administrative remedy procedure prior to filing suit.

**following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 14th day of January, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE